**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 01-7276**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROGER THEODORE ATWOOD, II,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Lacy H. Thornburg, District Judge. (CR-99-44)

---

Submitted: December 19, 2001          Decided: January 11, 2002

---

Before NIEMEYER, WILLIAMS, and KING, Circuit Judges.

---

Dismissed by unpublished per curiam opinion.

---

Roger Theodore Atwood, II, Appellant Pro Se. Brian Lee Whisler, Thomas Gray Walker, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Roger Theodore Atwood, II, appeals the district court's orders dismissing his 28 U.S.C.A. § 2255 (West Supp. 2001) motion and denying reconsideration of that order.

In an action in which the United States is a party, parties are accorded sixty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is mandatory and jurisdictional. Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order dismissing Atwood's § 2255 motion was entered on May 24, 2001. To be timely, Atwood would have had to note an appeal no later than July 23, 2001. Atwood's notice of appeal was filed on July 26, 2001.[*] Atwood filed his motion to reconsider pursuant to Fed. R. Civ. P. 60(b) more than ten days after the entry of the district court's order dismissing his § 2255 motion, so the time period for filing his appeal of that order was not tolled. See Fed. R. App. P. 4(a)(4). Therefore, Atwood's

---

[*] For the purpose of this appeal, we assume that the dates appearing on Atwood's pleadings are the earliest dates they could have been given to prison officials for mailing. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2

appeal is only timely as to the district court's order denying his subsequent motion for reconsideration.

This court reviews denial of a Fed. R. Civ. P. 60(b) motion for abuse of discretion. <u>See</u> <u>NOW v. Operation Rescue</u>, 47 F.3d 667, 669 (4th Cir. 1995) (per curiam). We have reviewed the record and conclude the district court's order denying Atwood's motion for reconsideration was not an abuse of discretion.

Accordingly, we deny a certificate of appealability, dismiss as untimely Atwood's appeal as to the denial of his § 2255 motion, and dismiss as meritless his appeal as to the order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>